IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERLING RENAY WILLIAMSON, et al., § § § § § § § § § | | |
| Plaintiffs, | | |
| v. | No. 3:26-CV-116-K-BW | |
| PLAZA HOME MORTGAGE, INC., | | |
| Defendant. | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Plaza Home Mortgage, Inc.'s ("Plaza") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 4.) Plaza filed the motion on January 22, 2026, with a brief in support. (*See* Dkt. No. 5 ("D. Br.").) Plaintiffs' deadline to file a response has passed, and they have not filed a response to the motion. *See* N.D. Tex. L. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). The motion is ripe for adjudication.

For the following reasons, the undersigned magistrate judge recommends that the District Judge grant Plaza's motion and dismiss this action unless Plaintiffs, within the period allowed for objections, request to file an amended complaint addressing the deficiencies identified by these findings, conclusions, and recommendation or Defendant's motion to dismiss.

---

[1] This case has been referred to the United States magistrate judge for case management pursuant to Special Order 3-251. (*See* Dkt. No. 3.)

## I. BACKGROUND

Plaintiffs, represented by Attorney Chad A. Norcross, are three heirs to Lenora Williamson, a woman who obtained a reverse mortgage on property at 1327 Oak Meadows in Dallas on December 7, 2022. (Compl. ¶¶ 1-3, 10.) Ms. Williamson died on June 19, 2025. (*Id.* ¶ 11.) In November 2025, Plaintiffs received notice that the mortgage had been accelerated and a foreclosure action had been initiated. (*Id.* ¶ 12.) Plaintiffs allege that Plaza failed to provide them with the payoff amount upon request and disputed the amount necessary to cure and apparent breach of the loan agreement. (*Id.*) Plaintiffs assert claims against Plaza for violation of the Texas Deceptive Trade Practices Act ("DTPA"), unfair debt collection in violation of the Texas Debt Collection Act ("TDCA"), and breach of contract, and they seek injunctive and declaratory relief. (*Id.* ¶¶ 14-35.)

Plaza removed the case to this Court on January 15, 2026 based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. No. 1.) Each of the three Plaintiffs is alleged to be a citizen of Texas, and Plaza alleges that it is a California corporation with its principal place of business in California. (Dkt. No. 1 at 3.) Additionally, the value of the property is alleged to exceed $75,000. (*Id.* at 3-4.) Plaza filed a copy of the notice of removal in the state court. (*Id.* at 4.)

Plaintiffs have taken no action in this case since its removal. On January 22, the Court ordered Plaintiffs to comply with N.D. Tex. L. Civ. R. 83.10(a)'s requirement for local counsel by either explaining why local counsel was not required, filing a motion for exemption from the local-counsel requirement, or

designating local counsel. (Dkt. No. 6.) Plaintiffs' deadline for complying with that order passed almost three weeks ago, and they have taken no action in response to the order.

Plaza moves for the dismissal of Plaintiffs' action. It contends that Plaintiffs cannot maintain a claim under the DTPA because they are not "consumers" under that statute; their claim for wrongful debt collection should be dismissed because they do not identify any false or misleading statement or allege damages; their breach-of-contract claim fails for lack of standing or the absences of alleged damages; and the inability to allege substantive claims dooms their requests for injunctive and declaratory. Plaintiffs' deadline to file a response to the motion was February 12, 2026. *See* N.D. Tex. L. Civ. R. 7.1(e). On February 20, Plaza called Plaintiffs' attention to the failure to respond to the motion. (Dkt. No. 8.) Nonetheless, Plaintiffs still have failed to file a response to Plaza's motion to dismiss, nor have they requested any additional time to file a response or file an amended complaint.

## II.  LEGAL STANDARDS

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.

3

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A recitation of the elements of a cause of action, supported merely by conclusory statements, do not suffice. *See id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557 (cleaned up)).

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* And so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

In deciding a Rule 12(b)(6) motion, courts limit review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "If matters

outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal citation marks omitted).  But documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004), and citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also Carter v. First Nat. Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 574 n.11 (S.D. Tex. 2015) ("The Court may consider, in a Rule 12(b)(6) analysis, documents attached to a motion to dismiss—or, as here, to a response in opposition to a motion to dismiss—if the documents are 'sufficiently referenced in the complaint.'") (citing *Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008)).

      A plaintiff may not amend his allegations through a response to a motion to dismiss, Fed. R. Civ. P. 8(a), but leave to amend must be granted freely "when justice so requires," Fed. R. Civ. P. 15(a)(2).  The Court may deny leave to amend only when "there is a substantial reason to deny leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Texas*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

## III.  ANALYSIS

A. **Plaintiffs' DTPA claim should be dismissed because they are not consumers.**

Plaintiffs' claim under the DTPA states, "Defendant violated the DTPA when Defendant engaged in false, misleading, or deceptive acts or practices that Plaintiffs relied on to Plaintiff[s'] detriment." (Compl. ¶ 15.)  Plaintiffs do not specify the acts or practices alleged to be false, misleading, or deceptive.

Plaza alleges that Plaintiffs cannot state a claim under the DTPA because they are not consumers as meant by the statute.  The DTPA requires as an element of a claim that the plaintiff is a "consumer."  *See Venkatraman v. Bank of Am., N.A.*, No. 3:24-CV-2821-K-BW, 2025 WL 2347189, at *7 (N.D. Tex. July 25, 2025) ("The elements of a DTPA claim are: (1) the plaintiff was a consumer; (2) the defendant either engaged in false, misleading or deceptive acts (i.e., violated a specific laundry-list provision of the DTPA) or engaged in an unconscionable action or course of action; and (3) the DTPA laundry-list violation or unconscionable action was a producing cause of the plaintiff's injury." (quoting *Hunter v. Navy Fed. Credit Union*, 749 F. Supp. 3d 743, 748 (N.D. Tex. 2024)), *accepted*, 2025 WL 2345070 (N.D. Tex. Aug. 13, 2025).  The statute defines a consumer in relevant part as an "individual . . . who seeks or acquires by purchase or lease, any goods or services."  Tex. Bus. & Com. Code § 17.45(4).  Whether a party is a consumer is question of law.  *Hunter*, 749 F. Supp. 3d at 754–55.

"[M]oney is neither a 'good' nor a 'service' under the DTPA." *Id.* at 755. So, a borrower of money is generally not considered a consumer who seeks or acquires a good or service under the DTPA. *See Wilson v. Bayview Loan Servicing LLC*, No. 5:19-CV-616-DAE, 2020 WL 10965116, at *5 (W.D. Tex. Oct. 19, 2020). "[A] person who buys a home or property may be a consumer under DTPA because that home or property qualifies as a 'good.'" *Muehlenhaupt v. PHH Mortg. Corp.*, No. 3:24-CV-3210-N, 2025 WL 2468210, at *5 (N.D. Tex. Aug. 26, 2025) (quoting *La Sara Grain Co. v. First Nat. Bank of Mercedes*, 673 S.W.2d 558, 566–67 (Tex. 1984)). "But 'subsequent actions related to mortgage accounts—for example, extensions of further credit or modifications of the original loan—do not satisfy the "goods or services" element of DTPA.'" *Id.* (quoting *Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *3–4 (N.D. Tex. Apr. 13, 2011)). Courts therefore routinely dismiss DTPA claims brought by parties who financed a property unconnected to the purchase of that property. *See, e.g.*, *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 765–66 (N.D. Tex. 2012); *Broyles*, 2011 WL 1428904, at *4 (collecting cases).

Plaintiffs do not allege that they are consumers—i.e., they have not alleged that they sought or acquired goods or services by purchase or lease. Rather, they allege that each one obtained an interest in the subject property through succession from Lenora Williamson, who was herself not a consumer because she did not engage in the transaction at issue in connection with the purchase of the property. (*See* Compl. ¶ 10.) Plaintiffs allege that she instead obtained a reverse mortgage on

7

the property. Because Plaintiffs cannot be considered consumers under the DTPA, their claim should be dismissed.

B.  **Plaintiffs' TDCA claim should be dismissed because they do not allege any affirmative statement that was false or misleading.**

Plaintiffs allege that Plaza's failure to provide an accurate accounting and payoff amount violates the TDCA. (Compl. ¶ 22.) They contend that Plaza's "communications constitute the intentional and/or knowing mischaracterization of the character, amount or extent of the debt to be collected" and characterize them as "false representations of material fact[.]" (*Id.*) Plaza contends that Plaintiffs' claim under the TDCA fails because they allege no false or misleading statement by Plaza and fail to allege any damages. (D. Br. at 5-6.)

"The elements of a TDCA claim are: (1) the debt is consumer debt; (2) the defendant is a debt collector, as defined by the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act." *Frankfort v. Metropolis Techs., Inc.*, No. 3: 24-CV-02283-L, 2025 WL 2994736, at *6 (N.D. Tex. Aug. 29, 2025), *accepted*, 2025 WL 2650360 (N.D. Tex. Sept. 16, 2025). "To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Byrd v. Lakeview Loan Servicing, L.L.C.*, 855 F. App'x 187, 192 (5th Cir. 2021) (quoting *Verdin v. Fed. Nat. Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013)). "Statements that create misrepresentations only through inference or deduction are not affirmative

8

misstatements." *Id.* (quoting *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 874 (5th Cir. 2021)).

Plaintiffs do not identify any affirmative statement made by Plaza that was false or misleading. They only generally allege that "acts, conduct and/or omissions" in failing to provide an accurate accounting and payoff constitute TDCA violations. This is the kind of threadbare recital "supported by mere conclusory statements" that does not plead a cause of action. *See Iqbal*, 556 U.S. at 678; *see also Kemp v. Regions Bank*, No. 4:23-CV-00841-P, 2023 WL 8586698, at *5 (N.D. Tex. Dec. 11, 2023); *Robinson v. Wells Fargo Bank NA*, No. 3:20-CV-0601-B, 2021 WL 2291015, at *4 (N.D. Tex. June 4, 2021). Plaintiffs' claim under the TDCA therefore should be dismissed.

**C.**     **Plaintiffs do not allege facts establishing contractual standing.**

Plaintiffs allege, in the alternative, a claim for breach of contract. (*See* Compl. ¶ 24.) They allege that "Plaintiff" executed a written deed of trust and that, Plaza breached its obligations under the deed of trust and Texas law to provide timely notices of default and foreclosure and to allow an opportunity to cure. (*Id.* ¶¶ 24-25.) Plaza argues first that Plaintiffs do not have standing to assert a claim for breach of contract under the deed of trust. It also contends that the breach-of-contract claim is subject to dismissal because Plaintiffs fail to adequately plead damages and the absence of a breach, as Plaintiffs were not entitled to the notice underlying their allegation. (D. Br. at 5-8.)

9

"Generally, 'the benefits and burdens of a contract belong solely to the contracting parties, and no person can sue upon a contract except he be a party to or in privity with it.'" *Oliver v. PennyMac Loan Servs., LLC*, No. 3:23-CV-137-L-BK, 2024 WL 1016121, at *2 (N.D. Tex. Feb. 21, 2024) (quoting *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (internal quotation mark omitted)), *accepted*, 2024 WL 1018527 (N.D. Tex. Mar. 7, 2024). Courts have applied contractual standing principles in foreclosure cases and held that non-signatories are unable to press claims for breach of the relevant documents. *See id.* (citing *Coleman-Allen v. Select Portfolio Servicing, Inc.*, No. 3:19-CV-0366-M-BH, 2020 WL 959796, at *5–6 (N.D. Tex. Feb. 3, 2020), *accepted*, 2020 WL 955618 (N.D. Tex. Feb. 26, 2020)); *see also Spraggins v. Caliber Home Loans, Inc.*, No. 3:20-CV-01906-S-BT, 2020 WL 8366645, at *8–9 (N.D. Tex. Dec. 31, 2020), *accepted*, 2021 WL 311869 (N.D. Tex. Jan. 29, 2021); *Pelletier v. InterBank*, No. 6:19-CV-0089, 2020 WL 2576266, at *4 (S.D. Tex. May 20, 2020); *Padilla v. Nationstar Mortg. LLC*, No. EP-18-CV-14-PRM, 2018 WL 2209766, at *4 (W.D. Tex. May 14, 2018).

Plaintiffs allege that Lenora Williamson obtained the reverse mortgage secured by the property that underlies the foreclosure that is the subject of this action. (Compl. ¶ 10.) The three Plaintiffs clearly allege that their interest in the property fell to them as Ms. Williamson's heirs. (*Id.* ¶ 11.)[2] These allegations do not suggest that

---

[2] Plaintiffs allege that "Plaintiff" (singular) executed a written deed of trust "[a]s stated earlier" in the complaint. (Compl. ¶ 24.) But there is no earlier allegation of specific facts showing that any Plaintiff executed the deed of trust upon which they sue Plaza. To the contrary, they allege that the decedent Ms. Williamson obtained the reverse mortgage.

10

any Plaintiff is a party to a deed of trust that underlies their breach-of-contract claim. Because there is no plausible allegation that any Plaintiff executed the deed of trust, nor is there any plausible allegation that any Plaintiff was made a third-party beneficiary in the deed of trust, Plaintiffs lack contractual standing to assert a breach-of-contract claim against Plaza. *See Spraggins*, 2020 WL 8366645, at *9 (dismissing claim where plaintiff alleged she was a "successor in interest" to borrower); (*see* Compl. ¶ 24 (characterizing "Plaintiff" as successor in interest).) Plaza's motion to dismiss this claim therefore should be granted on this basis.

D. **Plaintiffs cannot maintain claims for equitable relief where the legal claims underlying them fail.**

Plaintiffs request an injunction seeking "to prevent a wrongful foreclosure" (Compl. ¶ 30) and seek declaratory relief with respect to whether Plaza complied with the deed of trust and Texas law in providing notice, allowing for an opportunity to cure, and posting the foreclosure sale (*id.* ¶ 35).

"The federal Declaratory Judgment Act . . . 'does not create a substantive cause of action." *Witherspoon v. Wells Fargo Bank, N.A.*, No. 3:25-CV-0934-D, 2025 WL 2578216, at *5 (N.D. Tex. Sept. 5, 2025) (quoting *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009)). Where a plaintiff fails to plead a plausible substantive claim, the court may "decline[] in its discretion to entertain [the plaintiff's] request for a declaratory judgment." *Id.* (internal quotation marks omitted). Because Plaintiffs

---

(*Id.* ¶ 10.)

fail to allege a plausible substantive claim, the Court should decline to consider declaratory relief here.

Likewise, injunctive relief is not an independent cause of action under Texas law. *Id.* Because Plaintiffs have not stated a plausible legal claim against Plaza, they are not entitled to injunctive relief, and the Court should dismiss Plaintiffs' request for that reason.

### IV. LEAVE TO AMEND

A court may dismiss the complaint when a plaintiff fails to meet the pleading requirements, but it "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Plaintiffs, who are represented by able counsel, have not previously amended the complaint, but they have not sought to file an amended complaint in response to Plaza's motion that points to inadequacies in their pleading. Nor have Plaintiffs suggested that it is possible to plead facts that would state the claims asserted.

Certain of Plaintiffs' claims do not appear to be curable through amendment based on the facts alleged. Nonetheless, the undersigned cannot conclude that Plaintiffs have pleaded their best case as to each of their claims. The District Judge therefore should not dismiss Plaintiffs' claims against Plaza if they seek to file an amended complaint to address the legal deficiencies noted in these findings, conclusions, and recommendation or otherwise identified in Plaza's motion within

the 14-day period permitted for objections to these findings, conclusions, and recommendation or other time that United States District Judge Ed Kinkeade might set.

## V.  RECOMMENDATION

Plaintiffs have not pleaded sufficient facts to state a claim against Plaza.  The Court should, however, grant Plaintiffs leave to file an amended complaint that addresses the issues raised in Plaza's motion and these findings, conclusions, and recommendation, if they are able to do so in compliance with relevant rules.  *See* N.D. Tex. L. Civ. R. 15.1.  Accordingly, the undersigned **RECOMMENDS** that the District Judge **GRANT** Plaza's Motion to Dismiss (Dkt. No. 4) and **DISMISS** Plaintiffs' claims, with leave to file an amended complaint on or before March 11, 2026, or other such date that the District Judge may set.  If Plaintiffs timely file an amended complaint, the District Judge should **DENY** the Motion to Dismiss, and the action should proceed on the amended complaint.  If, however, Plaintiffs do not timely file an amended complaint, the District Judge should enter judgment dismissing Plaintiffs' claims.

**SO RECOMMENDED** on February 25, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).